# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL CARRINGTON, et al., | Case No.: 1:18-cv-00203- LJO- JLT |
| Plaintiffs, | ORDER GRANTING THE MOTION TO BE RELIEVED AS COUNSEL OF RECORD (Doc. 6) |
| v. | |
| FIRST AMERICAN TITLE INSURANCE COMPANY, et al., | ORDER DIRECTING PLAINTIFFS TO FILE WRITTEN NOTICE OF THEIR INTENT TO PROCEED |
| Defendants. | |

On March 9, 2018, attorney Vartkes Artinian filed a motion to withdraw counsel of record for Plaintiffs Cheryl Carrington and James Carrington. (Doc. 6) Mr. Artinian reports JT Legal Group, APC, is unable to continue their representation of Plaintiffs, who have not opposed this motion. Likewise, Defendants have not opposed the request of counsel to withdraw. For the following reasons, Mr. Artinian's motion to withdraw is **GRANTED**.

## I.   Background

Plaintiffs contend the defendants are liable for unlawful actions taken related to a foreclosure, and initiated this action by filing a complaint in Kern County Superior Court Case No. BCV-18-100029 on January 5, 2018. (Doc. 1-1 at 2) Defendant Wells Fargo filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441(b), 1332 on February 8, 2018, thereby initiating the matter in this Court. (Doc. 1)

On February 14, 2018, Defendant filed a motion to dismiss, which was taken under submission by the Court. (Docs. 4, 8) Plaintiffs filed an opposition to the motion on March 9, 2018. (Doc. 9) The

same date, Mr. Artinian filed the motion to withdraw as counsel. (Doc. 6) The Court held at hearing on the motion to withdraw on April 6, 2018.

**II.     Discussion and Analysis**

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules of the United States District Court, Eastern District of California. *See* LR 182. The withdrawal of representation is permitted under the Rules of Professional Conduct if a client "renders it unreasonably difficult for the member to carry our employment effectively." Cal. R.P.C. 3-700(C)(1)(d). Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

*Id.* Likewise, California's Rules require the notice of motion and declaration to be served on the client and other parties who have appeared in the case. CRC 3.1362(d).

The decision to grant withdrawal is within the discretion of the Court, and leave "may be granted subject to such appropriate conditions as the Court deems fit." LR 182*; see also Canandaigua Wine Co., Inc. v. Moldauer*, 2009 WL 989141, at *1 (E.D. Cal. Jan. 14, 2009) ("The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court."). Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to the other litigants, (3) harm caused to the administration of justice; and (4) delay to the resolution of the case caused by withdrawal. *Id.*, 2009 WL 989141, at *1-2.

Mr. Artinian asserts JT Legal Group, APC, is unable to continue to representation because "the attorney-client relationship has suffered a breakdown in communication." (Doc. 6 at 1) According to Mr. Artinian, Plaintiffs have "not been able to maintain [their] duties under the attorney client agreement." (Doc. 6-1 at 2, Artinian Decl. ¶ 2) He asserts, "Due to breaches of the attorney client retainer agreement, the attorney cannot effectively represent the client moving forward, which necessitates the need for the instant withdrawal." (*Id.*)

The declaration, and the proofs of service of the motion clearly indicate all parties, including Plaintiffs, were served with the documents required by the California Rules. (*See* Doc. 6-3 at 2)

Plaintiffs did not oppose the motion to withdraw, and thereby have indicated their consent to the withdrawal. In addition, it does not appear that Defendant would suffer any prejudice. Finally, any delay to the resolution of this case caused by the withdrawal will be minimal, particularly as the action has not yet been scheduled. Accordingly, the factors set forth by the Court in *Canandaigua Wine Co., Inc. v. Moldauer* weigh in favor of granting the motion to withdraw.

### III. Conclusion and Order

Vartkes Artinian followed the procedural and substantive requirements set forth in the California Rules of Professional Conduct and the Local Rules in filing the motion to withdraw as Plaintiff's attorney, and set forth sufficient reasons for the withdrawal. Therefore, the Court is acting within its discretion to grant the motion to withdraw. *See* LR 182. Accordingly, the Court **ORDERS**:

1. The motion to withdraw (Doc. 6) is **GRANTED**;
2. The Clerk's Office **SHALL TERMINATE** Vartkes Artinian and all attorneys from JT Legal Group, APC as "Lead Attorney to be Noticed" for Plaintiffs in the Court docket, and update the docket to reflect Plaintiffs' last known contact information as follows:
   > James Carrington and Cheryl Carrington
   > 200 Sowerby Village Lane
   > Bakersfield, California 93307
3. Plaintiffs **SHALL** notify the Court in writing of their intent to proceed with this action no later than **April 20, 2018**.

**Plaintiffs are advised that failure to comply with this order will result in a recommendation that the action be dismissed pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated: **April 6, 2018**        /s/ Jennifer L. Thurston
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE